**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10376 |
| Plaintiff - Appellee, | D.C. No. 1:08-cr-00577-DAE-2 |
| v. | |
| STEPHEN SWIFT, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
David A. Ezra, District Judge, Presiding

Argued and Submitted March 16, 2011
San Francisco, California

Before: NOONAN, FERNANDEZ, and CLIFTON, Circuit Judges.

Stephen Swift appeals his convictions for the unlawful transport of

hazardous waste without a manifest, in violation of 42 U.S.C. § 6928(d)(5), and for

the unlawful storage of hazardous waste without a permit, in violation of 42 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

§ 6928(d)(2)(A). Swift makes four arguments on appeal, which we address in turn. For the reasons below, we affirm.

First, Swift argues the evidence was insufficient to convict him of transporting hazardous waste without a manifest because 42 U.S.C. § 6928(d)(5) only penalizes generators, not transporters, of hazardous waste who lack a manifest. Because Swift failed to raise this issue below, we review for plain error. *Puckett v. United States*, 129 S. Ct. 1423, 1428-29 (2009). There was no error here. The applicable statute criminalizes hazardous waste transport without a manifest by "any person," and its federal and state implementing regulations require transporters to have manifests during hazardous waste transport. *See* 42 U.S.C. §§ 6928(d), 6928(d)(5); 40 C.F.R. § 263.20(a)-(c); Haw. Admin. R. § 11-263-20(a)-(c). The statute's criminal penalties apply to Swift.

Second, Swift argues that he was improperly convicted of two counts of unlawful transport instead of a single count. We also review this issue for plain error because Swift did not raise it below. Swift has not cited to any case law, in this circuit or any other, specifying the correct unit of prosecution for 42 U.S.C. § 6928(d)(5). It is unclear whether analogies to other criminal transport statutes apply because the act of transporting hazardous waste is more dangerous than many other types of transport. *Cf., e.g.*, *United States v. Carter*, 804 F.2d 508 (9th

2

Cir. 1986); *United States v. Kitowski*, 729 F.2d 1418 (11th Cir. 1984); *United States v. Johnpoll*, 739 F.2d 702 (2d Cir. 1984). In light of the above, no plain error occurred because Swift's argument is "subject to reasonable dispute." *See Puckett*, 129 S. Ct. at 1429.

Third, Swift argues the evidence was insufficient to convict him of transporting hazardous waste without a manifest because there was a manifest. The standard of review is again plain error because Swift did not make this argument below. The district court did not err because Swift stipulated to lacking a manifest for his transport of hazardous waste.

Fourth and lastly, Swift argues that the district court erred in excluding evidence of a government witness' prior conviction. Swift initially advocated for abuse of discretion review but then argued for review de novo. Even assuming, without deciding, that de novo is the correct standard of review, we find that no error occurred. Although the witness' conviction was for making a false statement, it occurred eighteen years before the time of trial. Its probative value does not substantially outweigh its prejudicial effect. *See* Fed. R. Evid. 609(b).

**AFFIRMED.**

3